1  Steven G. Polard, Bar No. 90319
   SPolard@perkinscoie.com
2  Jeffrey S. Goodfried, Bar No. 253804
   JGoodfried@perkinscoie.com
3  **PERKINS COIE LLP**
   1888 Century Park East, Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.788.3399

6  Attorneys for Secured Creditor
   Wells Fargo Bank, N.A., as Trustee for the
7  Registered Holders of Morgan Stanley Capital I
   Inc., Commercial Mortgage Pass-Through
8  Certificates, Series 1999-FNV1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re | CASE NO.: 1:10-BK-14061 MT |
|---|---|
| 2151 HOTEL CIRCLE SOUTH, LLC, | Chapter: 11 |
| Debtor. | **WELLS FARGO'S EMERGENCY MOTION FOR AN ORDER DISMISSING THE DEBTOR'S SECOND BANKRUPTCY PETITION FILED WITHIN THE PROHIBITED PERIOD FOLLOWING A DISMISSAL UNDER 11 U.S.C. § 109(g); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF STEVEN G. POLARD IN SUPPORT THEREOF** |
| | Before the Hon. Maureen A. Tighe |

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to Local Bankruptcy Rules 2081-1(a)(12) and 9075-1, as well Bankruptcy Code 11 U.S.C. § 109(g), secured creditor Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 1999-FNV1 ("Wells Fargo"), hereby moves, on an emergency basis (the "Motion"), for entry of an order dismissing this bankruptcy case unlawfully filed by debtor 2151 Hotel Circle South, LLC (the "Debtor"). The Debtor filed this case squarely within the 180 day prohibited period following the dismissal by this Court as a sanction of its previous bankruptcy case. The Debtor filed its second petition only *13 days* after the Court dismissed the first bankruptcy case as a sanction for the Debtor's "unauthorized use of cash collateral" and "failure to provide proof of workmen's compensation insurance."

On January 4, 2010, the Debtor filed its first voluntary petition under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the "First Bankruptcy"). Months after filing the First Bankruptcy, the Debtor's original counsel admitted to Wells Fargo counsel, as well as on the open record before this Court, to unlawfully using hundreds of thousands of dollars of Wells Fargo's cash collateral. The Debtor never signed a cash collateral stipulation, for months never moved the Court for authority to use cash collateral, and never attempted to obtain consent by Wells Fargo to use its cash collateral. Such cash collateral usage without authority violates 11 U.S.C. § 363 and is grounds for dismissal under 11 U.S.C. § 1112(b).

Not only did the Debtor use cash collateral without authority, but it also failed to prosecute its case. Specifically, the Debtor failed to comply with *17 rules* that are required by the United States Trustee Chapter 11 Notices and Guides and/or Local Bankruptcy Rules. On March 4, 2010, these gross failures led the U.S. Trustee to file a Motion to Convert or Dismiss against the Debtor. Further, the Debtor failed to provide proof of workmen's compensation insurance months after filing its First Bankruptcy. The

1  Court expressly pointed out this failure as another reason to sanction the Debtor by
2  dismissing the case.
3      Bankruptcy Code section 109(g) ("Section 109(g)") provides that once a case is
4  dismissed for failure to obey a court order, the debtor shall *not* re-file another bankruptcy
5  case for 180 days. Remarkably, the Debtor in this case waited only 13 days before filing a
6  new bankruptcy case (the "Second Bankruptcy"). By doing so, the Debtor has rendered
7  the Court's sanction meaningless by simply refilling its case.
8      Further, if the Court allows such circumventing of the Code, the Debtor simply
9  benefits from its own disregard for the Court since ultimately it has been able to resurrect
10 the automatic stay and stall Wells Fargo from recovering more than $10,000,000 on its
11 loan *that has already matured and to receive any payments*. Meanwhile, the Debtor
12 continues to divert Rents and Profits to itself that it had assigned to Wells Fargo in the
13 event of default. Such diversion of Rents and Profits that are generated daily by the
14 secured property (a hotel), and failure to cure a matured loan even though it uses the
15 secured creditor's cash collateral without providing adequate protection create the
16 exigency for such emergency motion.
17     In any event, based on the foregoing and papers in support of this Motion, Wells
18 Fargo requests the Court dismiss the Second Bankruptcy since the Debtor is precluded
19 from re-filing its case until 180 days have passed since the dismissal of its First
20 Bankruptcy.

## ADDITIONAL INFORMATION

22     This Motion is based upon 2081-1(a)(12) and 9075-1, as well Bankruptcy Code 11
23 U.S.C. § 109(g), this Motion, the supporting Memorandum of Points and Authorities, the
24 Declaration of Steven G. Polard, the arguments and statements of counsel to be made at
25 any hearing on the Motion, and other admissible evidence properly brought before the
26 Court.
27     **WHEREFORE**, Wells Fargo respectfully requests that this Court hold a hearing
28 on the Motion and issue an order:

1        (a)     Granting the Motion;

2        (b)     Dismissing the Debtor's Second Bankruptcy (Case No. 1:10-bk-14061-MT);

3 and

4        (c)     Granting such other and further relief as the Court deems just and proper.

5 DATED:     April 13, 2010.        **PERKINS COIE LLP**

/s/ Steven G. Polard,
Attorneys for creditor,
Wells Fargo Bank, N.A., as Trustee for the
Registered Holders of Morgan Stanley Capital I
Inc., Commercial Mortgage Pass-Through
Certificates, Series 1999-FNV1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

**A.    The First Bankruptcy and the Debtor's Unlawful Use of Cash Collateral**

On January 4, 2010, debtor 2151 Hotel Circle South, LLC (the "Debtor") filed a voluntary Chapter 11 petition (the "First Bankruptcy").[1] Upon filing the First Bankruptcy, the Debtor never sought permission from secured creditor Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 1999-FNV1 ("Wells Fargo") to use its cash collateral to operate Debtor's business. Further, the Debtor failed to seek authority from this Court to use cash collateral pursuant to 11 U.S.C. § 363.

On March 10, 2010, the former counsel for the Debtor (Alexander Lebecki) admitted to Wells Fargo's counsel that the Debtor has indeed been using cash collateral without authority. *See* concurrently filed Declaration of Steven G. Polard ("Polard Decl."), ¶ 2. Further, on March 10, 2010 at a 3:00 p.m. status conference for this case, Debtor's counsel admitted in open court and on the record that the Debtor has used cash collateral without authority. *Id.* A transcript of this status conference is being ordered, but due to the emergency nature of this Motion, it is not available yet. Since the Debtor's prior Motion requested $200,000 a month in authority to use cash collateral, it can be assumed that the Debtor as of the middle of April has already used as much as $700,000 of cash collateral, up until its second filing, without consent. *Id.*

**B.    The Debtor's Multitude of Failures to Obey Local Rules and U.S. Trustee Guides**

Besides the Debtor's unauthorized use of cash collateral, the Debtor also failed to comply with the Court's orders, local rules, and U.S. Trustee Guides. Specifically, the Debtor failed to comply with the requirements of the United States Trustee Chapter 11

---

[1] The Court is respectfully requested to take judicial notice of the First Bankruptcy filed in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, *In re 2151 Hotel Circle South, LLC*, Case Number 1:10-bk-10065-MT.

Notices and Guides and/or Local Bankruptcy Rules by failing to provide documents and financial reports as follows:

1. A conformed copy of Schedules of Assets and Liabilities.
2. A conformed copy of Statement of Financial Affairs.
3. A conformed copy of Form B22B, Statement of Current Monthly Income.
4. Real Property Questionnaires.
5. Sufficient evidence of closing of all pre-petition bank accounts including: closing bank statements, a declaration disclosing all pre-petition bank accounts, including the name and address of the bank, the account number, the date the account was closed and the amount in the account at time of closing.
6. Sufficient evidence of opening and maintenance of debtor-in-possession bank accounts including: a voided "debtor-in-possession" check and a copy of the signature card for each account.
7. Sufficient evidence of current insurance coverage including: an insurance declaration page for each policy and a declaration stating that the debtor has all applicable customary insurance required to operate.
8. Proof of required certificates and/or applicable licenses.
9. A list of insiders as defined at 11 U.S.C. § 101(31).
10. Most recently prepared audited and/or unaudited financial statements issued prior to filing.
11. A projected cash flow statement for the first ninety days of operation under chapter 11.
12. Copies of trust agreements to which the Debtor is a party or under which property is held.
13. Conformed copies of recorded petition in each county in which real property is owned.
14. A physical inventory as of the date of filing of the petition.

15. A Statement of Major Issues and Timetable Report.

16. Copies of the preceding year's or more recent federal income tax return.

17. Monthly Operating Report(s) since filing.

See Polard Decl., Exhibit A [page 2 (Declaration of Bankruptcy Analyst)].

### C. The Court Sanctions the Debtor for Unauthorized Use of Cash Collateral and Failure to Provide Proof of Insurance by Dismissing the Case.

On March 15, 2010, the Court held a continued status and case management conference. At this hearing, the Court ordered the case dismissed "[b]ased on the debtor's unauthorized use of cash collateral, failure to provide proof of workmen's compensation insurance, and the absence of a reasonable likelihood of rehabilitation." See Polard Decl., Exh. B. The Debtor has not appealed the decision. Indeed as there was no appeal, including on the argument of excusable neglect, the Second Bankruptcy is in essence a collateral attack on this Court's dismissal order.

### D. The Debtor Re-files Bankruptcy Within 13 Days of Having Its Case Dismissed.

Remarkably, on April 8, 2010, just 13 days after having its case dismissed, the Debtor re-filed its case. See Polard Decl., Exh. C. The Debtor again has failed to request consent to use Wells Fargo's cash collateral. The Debtor again has failed to obtain authority from the Court to use cash collateral. It appears that the only difference between the First Bankruptcy and the Second Bankruptcy is the Debtor is represented by new counsel.

## II. DISCUSSION

### A. Bankruptcy Code Mandates that the Debtor Wait 180 Days Before Re-filing a Petition After Dismissal

Section 109(g)(1) of the Bankruptcy Code precludes a debtor from filing a petition under the Bankruptcy Code if the debtor has had a case pending under the Code within 180 days of the filing of the second petition and the earlier petition was dismissed for a willful failure to abide by court orders. *In re Smith*, 851 F.2d 747, 748 (5th Cir. 1988); *In re Albert PEIA*, 145 B.R. 749, 752 (D. Conn. 1992) ("Section 109(g) has been characterized as 'clear and unambiguous' in prohibiting an individual from being a debtor

prior to the expiration of 180 days from the dismissal of the individual's previous case for want of prosecution."); *In re Martinez*, 76 B.R. 217, 217-18 (Bankr. S.D. Fla. 1986); *In re Ellis*, 48 B.R. 178, 180 (Bankr. E.D.N.Y. 1985); *In re King*, 126 B.R. 777, 780 (Bankr. N.D. Ill. 1991).

The above-mentioned *Smith* case is helpful here. In *Smith*, Smith filed a Chapter 13 Bankruptcy. The Court dismissed Smith's petition for want of proper prosecution. Smith did not appeal that dismissal. Roughly sixty days later, Smith filed a section petition for relief under Chapter 11. The bankruptcy court dismissed the Chapter 11 petition on the grounds that the petition was filed less than 180 days after the dismissal of the prior petition. Smith appealed to the district court, and the district court affirmed. Smith then appealed to the Fifth Circuit Court of Appeals. The Fifth Circuit agreed with the lower courts and dismissed the bankruptcy under Section 109(g)(1). The Fifth Circuit reasoned that Smith's second petition was placed "squarely within the prohibited period set forth in the bankruptcy code." *Id.* The court concluded that the district court's judgment was "patently correct" and that the appeal was "frivolous and entirely without merit." *Id.*

Like *Smith*, the Court dismissed the First Bankruptcy as a sanction for failure to follow the Bankruptcy Code. The Debtor did not appeal the decision. The case for dismissal is actually stronger here than in *Smith*. While Smith waited roughly two months to re-file its petition, the Debtor here waited less than two weeks. Either way, the Second Bankruptcy in this case falls squarely within the prohibited period under the Bankruptcy Code. Like *Smith*, it would be patently correct to dismiss this case.

Further, any argument that the dismissal did not stem from a failure to follow the Bankruptcy Code would lack merit. The Debtor violated the Bankruptcy Code in this case since the use of cash collateral is not allowed or at least conditioned pursuant to 11 U.S.C. § 363(e) ("Section 363"). As discussed above, the Debtor for three months willfully used cash collateral without creditor consent or court authority. Besides the failure to abide by the Bankruptcy Code, the Debtor further failed to provide evidence of

1 | workmen's compensation. These willful violations caused the Court to sanction the
2 | Debtor by dismissing the case.
3 |     Finally, such dismissal is warranted immediately since the Debtor has turned its
4 | sanction around to work to its benefit. Instead of appealing the Court's decision, the
5 | Debtor re-filed this Second Bankruptcy. By doing so, the Debtor has reinstated the
6 | automatic stay so that Wells Fargo cannot move forward with foreclosure. The Debtor
7 | has therefore stalled Wells Fargo so that now it gets to continue diverting the assigned
8 | Rents and Profits to itself (since this is a hotel, these revenues generate daily). Further,
9 | the Debtor continues to use the cash collateral without consent or authority (probably
10 | because it feels that the worst that can happen is the Court will dismiss the case again and
11 | it will just re-file). Accordingly, the Debtor has circumvented the Court sanction by re-
12 | filing the case, putting itself in a better position than before the sanction. This is precisely
13 | why Congress included Section 109(g) in the Bankruptcy Code – to prevent a Debtor who
14 | had its case dismissed from simply re-filing.

**B.    The Debtor's Conduct that Led to Dismissal of its Petition Was Willful**

16 |     A debtor's conduct is willful within the meaning of Section 109(g)(1) "when it [is]
17 | intentional, knowing and voluntary, as opposed to conduct which is beyond the person's
18 | control." *In re McIver*, 78 B.R. 439, 441 (D.S.C. 1987). As discussed above, it is
19 | undisputed that the Debtor intentionally, knowingly, and voluntarily used Wells Fargo's
20 | cash collateral without consent or authority. Further, the Debtor knowingly failed to
21 | provide proof of workmens' compensation insurance. Since the Debtor's conduct was
22 | intentional, it is undisputed that it constitutes willful for purposes of Section 109(g)(1).
23 | / / /
24 | / / /
25 | / / /

### III. CONCLUSION

For the reasons stated above, this Court is requested to dismiss this Second Bankruptcy.

DATED: April 12, 2010.      PERKINS COIE LLP

_____
Steven G. Polard,
Attorneys for creditor Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 1999-FNV1