Steven G. Polard, Bar No. 90319
SPolard@perkinscoie.com
Jeffrey S. Goodfried, Bar No. 253804
JGoodfried@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Secured Creditor
Wells Fargo Bank, N.A., as Trustee for the
Registered Holders of Morgan Stanley Capital I
Inc., Commercial Mortgage Pass-Through
Certificates, Series 1999-FNV1

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>2151 HOTEL CIRCLE SOUTH, LLC,<br><br>Debtor. | CASE NO.: 1:10-BK-10065 MT<br><br>Chapter: 11<br><br>**DECLARATION OF STEVEN G. POLARD IN SUPPORT OF WELLS FARGO BANK'S EMERGENCY MOTION FOR AN ORDER DISMISSING THE DEBTOR'S SECOND BANKRUPTCY PETITION FILED WITHIN THE PROHIBITED PERIOD FOLLOWING A DISMISSAL UNDER 11 U.S.C. § 109(G)**<br><br>Before the Hon. Maureen A. Tighe |

60642-0070/LEGAL18081085.1                                    DECLARATION OF STEVEN G. POLARD

I, Steven G. Polard, declare as follows:

1. I am an attorney at law, duly licensed to practice before the courts of the State of California. I am a shareholder of a member of the law firm of Perkins Coie, LLP, counsel of record for secured creditor Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 1999-FNV1 ("Wells Fargo"). Except as where stated, I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

2. On March 10, 2010, in the hallway of the United States Bankruptcy Court, Central District of California, San Fernando Valley Division, Alexander Lebecki, former counsel for the Debtor, admitted to me that the Debtor had indeed been using cash collateral without Wells Fargo's consent and without court authority. Further, on the same day and during a 3:00 p.m. status conference for this case, Mr. Lebecki admitted in open court and on the record that the Debtor has used cash collateral without authority. Since the Debtor's prior Motion requests $200,000 a month in authority to use cash collateral, my assumption is that the Debtor as of the middle of April had already used as much as $700,000 of cash collateral, up until its second filing, without consent.

3. Attached hereto as <u>Exhibit A</u> is a true and complete copy of the U.S. Trustee's Notice of Motion and Motion Under 11 U.S.C. § 1112(b) to Convert or Dismiss Case. A declaration from the bankruptcy analyst is on page 2.

4. Attached hereto as <u>Exhibit B</u> is a true and complete copy of the Court's Order dismissing the Debtor Chapter 11 bankruptcy petition on March 26, 2010.

1    I declare under penalty of perjury under the laws of the United States of America
2    and the State of California that the foregoing is true and correct.
3    Executed this 13th day of April 2010, at Los Angeles, California.

Steven G. Polard